## 7690

### McLAUGHLIN v. ZEIGLER.

1. ELECTIONS—CONTESTS.—Notice of protest and contest of a primary
   election must be served on respondent.
2. PRIMARY ELECTIONS.—Under the provisions of the act, 24 Stat., 949,
   requiring a candidate in a primary election to make a pledge that
   he would render under oath *immediately* after the election an item-
   ized statement of *all further moneys spent or provided* by him in
   said election, a statement filed on the second day after the election
   that he had *spent* no further money, held sufficient.
   MR. JUSTICE WOODS *dissents.*

Petition in the original jurisdiction of this Court by T. J.
McLaughlin for writ of *certiorari* against J. L. Zeigler and
the State Executive Committee.

McLaughlin and Zeigler were both candidates for Super-
visor in Calhoun county. McLaughlin contested the elec-
tion of Zeigler on the ground that he had not filed in time
after the election a sworn statement of further moneys spent
or provided in the election. The statement was sworn to
and filed on September 1st at 2:55 P. M. after the election on
August 30th. It was to the effect that no further moneys
had been spent by him. The statute requires the following
pledge:

"I hereby pledge that I will not give nor spend money, or
use intoxicating liquors for the purpose of obtaining or
influencing votes, and that I shall, at the conclusion of the
campaign and before the primary elections, render to the
Clerk of Court or (Secretary of State as hereinbefore pro-
vided) under oath, an itemized statement of all money spent
or provided by me during the campaign for campaign pur-
poses up to that time, and I further pledge that I will, imme-
diately after the primary election or elections that I am a
candidate in, render an itemized statement, under oath,
showing all further moneys spent or provided by me in said
election."

The County Executive Committee dismissed the contest, which action was affirmed on appeal by the State Executive Committee.

*Messrs. R. H. Welch* and *J. M. Walker* for Petitioner.

*Messrs. J. A. Merritt* and *Glaze* and *Herbert* contra.

October 21, 1910.    Per Curiam.    This was an application for a writ of *certiorari* addressed to the Court in the exercise of its original jurisdiction.

There are two reasons why the writ should be denied.

(1). Because there was no notice of protest served upon J. L. Zeigler the respondent, and

(2). Because there was a substantial compliance with the requirements of the Act.

Petition dismissed.

Mr. Justice Woods.    *I concur* in dismissing the petition on the ground that there was no notice of protest served on J. L. Zeigler, respondent.    I dissent, however, from the conclusion that there was a substantial compliance with the statute in filing the statement.    The statutory requirement is that the statement made after the election shall include and embrace "all further moneys spent or provided" by the candidate in the election.    In limiting the statement to money *spent* and not including money *provided,* I think Mr. Zeigler did not comply with the statute, and it seems to me to hold that the variance was not substantial opens the door to evasion of a statutory provision vitally affecting the purity of elections.