7730

BARFIELD v. SOUTHERN COTTON OIL CO.

1. FOREIGN CORPORATION—RESIDENT—VENUE.—An action against a foreign corporation and a resident of this State, in which the venue is laid in a county other than that of the resident, should, on his motion, be transferred to the county of his residence for trial.

2. PLEADING—JURISDICTION—WAIVER.—When an action is brought in the wrong county, answering to the merits to keep from being adjudged in default, subject to motion to transfer to county of residence, previously noticed, is not a voluntary submission to the jurisdiction of the Court, or a waiver of his right to press his motion to transfer, where the appearance is special and the right to make the motion is expressly reserved.

Before WILSON, J., Lexington, November, 1909. Affirmed.

Action by J. J. Barfield against Southern Cotton Oil Company and A. C. Hammond. From order transferring case to Richland county, plaintiff appeals.

*Messrs. Barnard B. Evans, Graham & Sturkie* and *Efird & Dreher,* for appellant. *Mr. Evans* cites: Respondent being a foreign corporation by its appearance and answer submits itself to the jurisdiction of the Court: 70 S. C. 503; 35 S. C. 372; 51 S. C. 164; 64 S. C. 201; 43 S. C. 186; 46 S. C. 9; 62 S. C. 293; 69 S. C. 278; 78 S. C. 326; 48 S. C. 351; 72 S. C. 481; 74 S. C., 438; 46 S. C. 32; 20 S. C., 93.

*Messrs. Mitchell & Smith, Mordecai & Gadsden, Rutledge & Hagood,* contra, cite: *Judgment in a wrong county is without jurisdiction and a nullity:* 25 S. C. 386; 28 S. C. 315; 74 S. C. 71, 440. *Answering does not waive defect of jurisdiction in wrong county:* 74 S. C. 71, 440. *Right to insist on motion already noticed is not waived by filing answer reserving the right:* 53 S. C. 580. *Residence is a question of fact:* 73 S. C. 184.

December 1, 1910. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. An action against a foreign corporation and a resident of this State, in which the venue is laid in a county other than that of the resident of the State, should, on his motion, be tranferred to the county of his residence for trial. Code, Sec. 146.

When an action is brought in the wrong county, asnwering to the merits to keep from being adjudged in default, subject to the rights of defendant under notice of a motion previously given to transfer the case to the county of his residence for trial, is not a voluntary submission to the jurisdiction of the Court, or a waiver of his right to press his motion for an order transferring the case to the county of his residence for trial, where the appearance is special and the right to make such motion is expressly reserved. *Whaley* v. *Lawton,* 53 S. C. 580, 31 S. E. 660; *Rafield* v. *R. R. Co.,* 86 S. C. 324.

Affirmed.