8859

HAYES v. SEABOARD A. L. RY.

(81 S. E. 1102.)

CORPORATIONS.   RAILROADS.   VENUE.

A foreign corporation owning and operating a line of railroad in this State is a resident of a county in which such railroad is situate, and in which it maintains offices and agents for the transaction of such business; and may, under Code Civil Procedure, sec. 174, be sued in such county jointly with a resident of another county of the State, and it was error to transfer the case to the county where the other defendant resided.

Before SPAIN, J., Lexington, February, 1914. Reversed.

Action brought by Rosanna Hayes, as administratrix of Boliver Hayes, against Seaboard Air Line Railway and P. L. Bean, to recover damages for an alleged joint tort. The facts are stated in the opinion.

*Messrs. Melton & Sturkie,* for appellant, cite: Code Civil Proc. 174; 30 S. C. 296; 79 S. C. 502;.47 S. C. 387; 86 S. C. 324.

*Messrs. Lyles & Lyles,* for respondent, cite: 87 S. C. 322.

May 27, 1914.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The appeal herein is from an order, transferring this case from Lexington county to Bamberg county, on the ground that the defendant, Seaboard Air Line Railway Company, is a foreign corporation, while the defendant, P. L. Bean, is not a resident of Lexington county, but is a resident of Bamberg county.

The complaint alleges, and it is not denied, that the defendant, Seaboard Air Line Railway Company, is a foreign corporation, doing business as a common carrier and owns a line of railway, running through the county of Lexington, and that it maintains offices and agents in the county of Lexington, for the transaction of its business as a common carrier.

Section 174 of the Code of Civil Procedure, 1912, provides that "if there be more than one defendant, then the action may be tried in any county, in which one or more of the defendants to such action reside, at the time of the commencement of the action."

The case of *Rafield* v. *Ry.,* 86 S. C. 324, 68 S. E. 631, shows that the defendant, Seaboard Air Line Railway, was a resident of Lexington county, and that his Honor, the Circuit Judge, therefore, erred in ordering the case to be transferred to Bamberg county.

The presiding Judge based his ruling upon the case of *Barfield* v. *So. Cotton Oil Co.,* 87 S. C. 322, 69 S. E. 603.

In that case, however, it was not made to appear, that either of the defendants was a resident of Lexington county, from which the case was transferred to Richland county, where both defendants resided.

Reversed.

REPORTER's NOTE: See Const. 1895, art. IX, sec. 6, providing for domestication of foreign corporations operating railroads in this State, and cases cited thereunder.