## 10041.

### SMYER v. SOUTHERN RY. CO. *ET AL.*

#### (96 S. E. 483.)

RAILROADS — FOREIGN CORPORATION — ACTION — VENUE.—Suit for death against a foreign railroad corporation was properly brought in the county through which it operated its road, although an individual defendant resided in another county.

Before PRINCE, J., at chambers, Winnsboro, S. C., March 7, 1918.    Affirmed.

Action by Mary C. Smyer, as executrix of the last will and testament of Robert D. Smyer, deceased, against the Southern Railway Company and L. C. Jones. From an order denying the motion of defendant, Jones, for change of venue, he appeals.

Statement: This action was commenced in the Court of Common Pleas for Chester county, S. C., by the service of a summons and complaint on the defendant, Southern Railway Company, and L. C. Jones.

It was brought to recover the sum of forty thousand ($40,000) dollars damages, which the plaintiff alleges she sustained by the death of her husband, Robert D. Smyer, her testator, through the joint and concurrent negligence, wantonness, recklessnes and wilful misconduct of the said defendants.

The defendant, L. C. Jones, being a citizen and resident of the county of Greenville, moved for a change of venue to the county of Greenville from the county of Chester, under the provisions of section 174 of the Code of Procedure for 1912, upon the ground that Southern Railway Company was a nonresident of the State, and of Chester county, and he was, therefore, entitled to change of venue to Greenville county, the county of his residence.    After argument of this motion before his Honor, Judge Prince, the motion for change of venue was refused solely upon the authority of the case of *Hayes v. S. A. L. Ry. Co.,* 98 S. C. 6.    From his order refusing change of venue, this appeal is taken.

*Messrs. McDonald & McDonald,* for appellant, cite: Code of Procedure for 1912, sections 172-3-4; 1 Strob. 70; 47 S. C. 387; 65 S. C. 326; 74 S. C. 72; 74 S. C. 438; 86 S. C. 258; 83 S. C. 12; 78 S. C. 325; 83 S. C. 12; 86 S. C. 258; 64 S. C. 144-5; 64 S. C. 68; 78 S. C. 325; 87 S. C. 322.

*Mr. Samuel E. McFadden,* for respondent, cites: Code of Civil Procedure 1912, sec. 174; 98 S. C. 6; 86 S. C. 324; 87 S. C. 322; Constitution 1895, article IX, section 8, and the Domestication Statute of 1896; 78 S. C. 326; 64 S. C. 144-5; 64 S. C. 68; 14th Amendment U. S. Constitution; 146 U. S. 202; 36 L. Ed. 944; 145 U. S. 444-453; 36 L. Ed. 770; 174 U. S. 565; 161 U. S. 562; 88 N. Y. Supp. 214-215; 43. Misc. Rep. 677; Words and Phrases, vol. VIII, p. 7788; 82 Ill. 493; 41 Ga. 660; 103 Ala. 57; 15 So. 866; 111 Ind. 301; 51 Ill. 431; Ruling Case Law, vol. XII, p. 118.

July 18, 1919.

The opinion of the Court was delivered by Mr. Justice Hydrick.

Plaintiff brought this action in the Court of Common Pleas for Chester county against the Southern Railway Company and the defendant, Jones, one of the company's locomotive engineers, for damages for the death of her testator, which she alleges was caused by the joint and concurrent negligence of the defendants in the county of Chester. The railway company is a foreign corporation, but it is doing business as a common carrier in this State, and owns and operates a railroad through the county of Chester, where the venue is laid, and where the tort is alleged to have been committed; and the defendant, Jones, is a citizen and resident of the county of Greenville. Jones moved for a change of venue to the county of his residence. His motion was refused, and he appealed. The order appealed from is affirmed on the authority of *Hayes v. Railway,* 98 S. C. 6, 81 S. E. 1102.

Affirmed.