### 13166

CAMPBELL v. MUTUAL BENEFIT HEALTH & ACCIDENT ASSOCIATION *ET AL.*

(159 S. E., 490)

50

*Messrs. Sloan & Sloan,* for appellants,

*Messrs. Andrew J. Bethea* and *E. J. Best,* for respondent,

June 8, 1931.

The opinion of the Court was delivered by Mr. Chief Justice Blease.

This action for libel was commenced in the Court of Common Pleas for Richland County. The defendant Mutual Benefit Health & Accident Association, of Omaha, Neb., is a foreign corporation, engaged in insurance business in several counties of this State. Service of the summons and complaint on the defendant company was effected under the provisions of Section 4082, Volume 3, Code of 1922, by delivery of the papers to the insurance commis-

sioner, who accepted service of the process. The defendant Williams is a resident of Greenville County, this State.

The defendants moved in the lower Court that the place of trial be transferred from the Court of Common Pleas of Richland County to that Court for Greenville County, on the ground that the insurance company was a foreign corporation and its codefendant was a resident of Greenville County. At the hearing before the Circuit Judge on the motion, it was shown by affidavit submitted for the plaintiff, and seemingly the fact was admitted by the defendants, that the insurance company had an office and an agent in the City of Columbia, Richland County, for the purpose of transacting its business. The Circuit Judge refused to grant the motion to change the venue, and from his order thereon both defendants have appealed to this Court.

The contention of the appellants, gathered from argument of their counsel, is that the trial of the cause should be had in Greenville County, since the individual defendant, Williams, is a resident of that county, and the other defendant, the insurance company, is a foreign corporation, not domesticated, although it has an office and agent in Richland County.

Counsel for the appellants concede the correctness of the holding announced in *Tobin v. Railroad Co.*, 47 S. C., 387, 25 S. E., 283, 58 Am. St. Rep., 890, followed thereafter in many other cases, to the effect that a domestic corporation and an individual defendant may be sued together in any county in which the corporation has offices and agents, although the individual defendant may reside in some other county. *Dennis v. Railroad Co.*, 86 S. C., 258, 68 S. E., 465. *Hayes v. Seaboard Air Line Railway Co.*, 98 S. C., 6, 81 S. E., 1102, and *Smyer v. Southern Railway Co.*, 110 S. C., 292, 96 S. E., 483. But they say that the principle so well established by those cases does not apply to a foreign corporation, which has not been domesticated, and, in support of their position, they mainly depend upon the case of

*Barfield v. Southern Cotton Oil Co. et al.*, 87 S. C., 322, 69 S. E., 603.

In the *Barfield case,* decided in 1910, this Court, through Mr. Justice Hydrick, under the provisions of what was then Section 146 of the Code of 1902 (Section 378, 1922 Code), held: "An action against a foreign corporation and a resident of this State, in which the venue is laid in a county other than that of the resident, should, on his motion, be transferred to the county of his residence for trial." (Syllabus.)

The facts were meagerly stated in the report of the *Barfield case.* We get information about them, however, from the opinion of Mr. Chief Justice Gary in *Hayes v. S. A. L. Railway Co.*, 98 S. C., 6, 81 S. E., 1102. There, the whole Court, Mr. Justice Hydrick participating in the decision, said of the Barfield decision: "In that case, however, it was not made to appear that either of the defendants was a resident of Lexington County, from which the case was transferred to Richland County, where both defendants resided."

The Court decided in the *Hayes case* that a foreign corporation, owning and operating a line of railroad in this State, is a resident of a county in which such railroad is situated, and in which it maintains offices and agents for the transaction of its business; and that it could be sued in such county jointly with a resident of another county of the State, and it was error to transfer the case to the county where the other defendant resided. The case was decided upon a construction of the terms of Section 174 of the Code of 1912, now Section 378, which provided: "If there be more than one defendant, then the action may be tried in any County in which one or more of the defendants to such action resides at the time of the commencement of the action."

In the *Barfield case*, it was plainly stated that one of the defendants was a foreign corporation, but nothing was said in the opinion there about the foreign corporation being domesticated. Nothing was said about its domestication in

the later case of *Hayes v. Railway Company*. From what was said by this Court in the *Hayes case* of the Barfield decision, it is evident that if the foreign corporation had established a residence in the county in which the suit was brought by having an office and agent in such county for the transaction of business, the result of the decision of the Court would have been otherwise.

There is no conflict in the Barfield decision and the other decisions to which we have adverted. All of them may be easily harmonized as illustrated by the holding of the Circuit Judge in the case at bar. If a foreign corporation, whether or not domesticated, having an agent and office for the transaction of business in a particular county, is sued in that county with a resident of another county of the State, the case may be properly tried in the county in which the action was brought. If the foreign corporation is sued in a county where it has no agent or place of business, along with a codefendant who is resident of another county of the State, the place of trial should be changed to the county of the residence of the codefendant. We have no statute (Mr. Justice Cothran's opinion in *Bass v. American Prod. Exp. & Imp. Corp.*, 124 S. C., 346, 117 S. E., 594, 30 A. L. R., 168), stating plainly our conclusions. We have gathered them from the decisions of this Court on the subject, particularly including those to which we have referred.

It is the judgment of this Court that the order appealed from be affirmed.

Messrs. Justices Cothran, Stabler, Carter and Bonham concur.