16367

### ST. PAUL FIRE & MARINE INS. CO. v. OSBORNE *ET AL.*
(59 S. E. (2d) 849)

*Mr. Leon W. Harris,* of Anderson, *for Clarence Osborne, Appellant,*

*Messrs. Nettles & Horton,* of Greenville, *for Respondent,*

*Mr. Leon W. Harris,* of Anderson, *for Clarence Osborne, Appellant,*

June 10, 1950.

BAKER, CHIEF JUSTICE.

This appeal is from an order of Honorable G, Duncan Bellinger, Circuit Judge, refusing to change the place of trial from Greenville County, the County in which the action was commenced, to Anderson County, the County in which the personal defendant resides; and he is the sole appellant.

Respondent brought its action against the appellant, Clarence Osborne, doing business as Osborne Transfer Company, and Western Assurance Company, a foreign corporation. It is admitted that the corporate defendant is authorized to do business in this State, and that it maintains an office and has an agent in Greenville County for the transaction of business.

Appellant's motion in the Court below was made on two grounds: (1) that the convenience of witnesses and the ends of justice required the case to be tried in Anderson County; (2) that as a matter of law, he was entitled to have the case tried in Anderson County, the County of his residence.

The exceptions of the appellant do not raise any issue as to the ruling of Judge Bellinger on the first ground of his motion. While appellant in his main brief argues, just as though he had an exception relating thereto, that there was error in refusing to change the venue from Greenville County to Anderson County; and after pointing out that there is no exception relating to that portion of the order, the respondent, in superabundant caution, also argues such issue, yet, as aforestated, there is no exception to such ruling.

The appellant in his reply brief asks the permission of this Court to amend the record by adding an exception which would raise such issue, but this motion on his part comes too late.

The complaint of the plaintiff alleges a joint and several liability of the defendants, so notwithstanding the fact that the corporate defendant in its answer

denies any liability in excess of One Thousand ($1,000.00) Dolars, the face of its policy (the plaintiff in its complaint alleging that it was entitled to recover from the defendants the sum of Five Thousand Five Hundred Thirty-seven and 58/100 ($5,537.58) Dollars), and has demanded judgment over against the personal defendant, the appellant here, if it should be finally decided that it is liable to plaintiff in excess of One Thousand ($1,000.00) Dollars, under the authority of *Campbell v. Mutual Benefit Health & Accident Association,* 161 S. C. 49, 159 S. E. 490, and cases subsequently decided in which the *Campbell case* is cited and followed, the Circuit Court was not in error in refusing to transfer this case to Anderson County for trial, on the ground that this was the County in which the personal defendant resided.

All exceptions are overruled and the order appealed from is affirmed.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.