16685

JENKINS v. McCAREY *ET AL.*

(73 S. E. (2d) 446)

*Mr. John M. Schofield,* of Walhalla, *for Petitioner,*

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, *for Respondent,*

*Mr. John M. Schofield,* of Walhalla, *for Petitioner, in reply,*

Nov. 13, 1952.

FISHBURNE, Justice.

This is a proceeding under a writ of *certiorari* issued on the petition of W. L. Jenkins to review the action of the Oconee County Democratic Executive Committee and the State Democratic Executive Committee in denying the protest of the petitioner to the declared result of a second

democratic primary in Oconee County wherein James F. (Joe) McCarey was named the nominee of the democratic party for the office of county supervisor. Following the primary, and in accordance with the rules of the democratic party, the executive committee for Oconee County tabulated the vote and declared the result as follows: W. L. Jenkins, 2468 votes; James F. (Joe) McCarey, 2550 votes, which gave McCarey a majority of 82 votes.

Within due time the petitioner protested the nomination of McCarey on the grounds that at the polling precincts of Salem and Keowee, an aggregate of thirty one persons were permitted to vote without first presenting their registration certificates and without taking the oath required by the statute law of the state and the rules of the South Carolina Democratic Party.

A hearing was held by the county democratic executive committee on July 30, 1952 to pass upon this protest. When the meeting was convened counsel for McCarey, who is the respondent in this proceeding, entered a special appearance and at the very outset challenged the jurisdiction of the committee to hear the protest, upon the ground that no notice of the protest or amended protest had been served upon Mr. McCarey. It was announced by counsel for the respondent that if his objection should be overruled, he was willing to proceed with the hearing, subject, however, to the objection stated, and expressly reserving all rights. It appears that these protests were served upon the county chairman and the secretary, but it is conceded that they were not served upon the respondent.

The democratic executive committee overruled the position taken by the respondent's counsel, and assumed jurisdiction to proceed with the hearing, with the understanding that respondent would participate therein without waiving his reserved rights. Affidavits were submitted by both sides, and after arguments were made, the executive committee voted unanimously to deny the petition of Jenkins, the con-

testant, and declare McCarey the nominee of the democratic party for the office of supervisor of Oconee County. The precinct of Keowee gave Jenkins twenty one votes and McCarey one hundred and sixteen votes; at the precinct of Salem, Jenkins received 119 votes and McCarey received 341 votes. As heretofore stated, the aggregate number of votes challenged was thirty one, which did not change or affect the result of the election even though excluded from the tabulation.

Upon appeal to the state democratic executive committee, the action of the Oconee democratic executive committee was affirmed. The thirty one votes questioned by petitioner were declared illegal on the ground of failure to present registration certificates and take the prescribed oath, but "inasmuch as these votes constitute an insufficient number to change the result of the election, the action of the executive committee of Oconee County in declaring James F. McCarey nominated be sustained."

We first pass upon the question presented by the petitioner as to whether the county committee and the state committee had jurisdiction to hear the protest. In other words, was the failure of the petitioner to serve his protest upon the successful candidate McCarey a fatal omission?

As heretofore stated, McCarey was never served with copies of the protest nor with any notice of the same. This question has long been settled adversely to the contention of the petitioner, and we need refer only to the cases of *Ex Parte Sanders,* 53 S. C. 478, 31 S. E. 290, 291, and *McLaughlin v. Zeigler,* 87 S. C. 150, 69 S. E. 157. In the *Sanders case, supra,* the court said:

"* * * It is elementary that no tribunal can adjudicate rights until the parties have had proper notice, and have been properly brought before it; and, no notice or grounds of protest or contest having been served on the petitioner, the county executive committee was right in declining to hear such contest * * *."

The petitioner argues, however, that McCarey submitted himself to the jurisdiction of the County Democratic Executive Committee by appearing with counsel before that committee and participating in the hearing on its merits, all of which amounted to a general appearance and constituted a waiver of a special appearance and lack of notice.

The record before us shows that the very first order of business before the Oconee County Democratic Executive Committee was a protest from counsel for McCarey in which the jurisdiction of the committee was challenged, the ground being that the committee had no jurisdiction of the person of McCarey. The contention is made by the petitioner that before any objection was made to the jurisdiction of the executive committee, McCarey submitted himself to the jurisdiction by reason of the fact that his counsel before making such objection, had served certain affidavits upon counsel for the petitioner, thereby waiving the jurisdictional issue. This contention, however, is disputed by counsel for McCarey, and we find nothing in the record which in any way indicates that any affidavits were filed by the respondent until after the committee had ruled that it had jurisdiction. It was following this ruling that the committee considered the affidavits filed by both parties. Nor in our opinion was the issue of jurisdiction waived by the fact that respondent and his counsel remained at the hearing and entered into the merits of the controversy.

Petitioner strongly relies upon the case of *State ex rel. Martin v. Moore,* 54 S. C. 556, 32 S. E. 700. It was held in that case, which was decided in 1899, that an appearance before the county board of commissioners with an attorney, and participating in an election protest hearing on its merits, cross examining witnesses, etc., constituted a waiver of a special appearance and lack of notice. As was said in the concurring opinion of Mr. Justice Woods in the case of *State ex rel. Hemingway v. State Democratic Executive Committee,* 93 S. C. 321, 76 S. E. 817, 819, in which opinion Mr. Justice Hydrick concurred:

"It is true that it has been held in *Garrett v. Herring Co.*, 69 S. C. 278, 48 S. E. 254, and a number of other cases, that, if a defendant pleads to the merits after his plea to the jurisdiction has been overruled, the plea to the jurisdiction will be regarded waived. But the rule is a hard one, and should not be extended. It has been limited by the recent case of *Barfield v. So[uthern] Cotton Oil Co.*, 87 S. C. 322, 69 S. E. 603, and it should not be extended to special tribunals, where, as in this case, it is not perfectly clear that the power exists to grant full relief from errors as to the jurisdiction."

The foregoing case was decided in 1913, and the question has been set at rest subsequent to that time by the passage by our General Assembly of an Act in 1919, now constituting Section 463 of the 1942 Code. This section reads as follows:

"When in any case or proceeding before any court or other tribunal any party shall appear for the sole purpose of objecting to the jurisdiction of such court or tribunal, and such court or tribunal shall upon such objection being made overrule the same, such party may give notice, either to the court or tribunal or to the opposing party, that he intends to rely on such jurisdictional objection or reserve his rights thereunder. Upon the overruling of such objection to the jurisdiction and giving of such notice, such party may thereafter appear generally or answer or plead or contest upon the merits, and such general appearance, answer, pleading or contest upon the merits shall not be deemed a waiver of the objection to the jurisdiction."

The record in this case shows that McCarey appeared before the Oconee County Democratic Executive Committee initially for the sole purpose of objecting to the jurisdiction of that tribunal upon the ground that no protest or notice of protest had been served upon him, and when this objection was overruled, he proceeded to engage in the merits of the contest only after specifically reserving his rights, and with full notice that he intended to rely upon such jurisdictional objection. So that under the

facts shown, his participation in the hearing on the merits did not constitute a waiver of his objection as to the jurisdiction of the committee. And see *Brigman v. One 1947 Ford Convertible Coupe, Auto License No. D-105173,* 213 S. C. 546, 50 S. E. (2d) 688 and *South Carolina State Highway Dept. v. Isthmian S. S. Co.,* 210 S. C. 422, 43 S. E. (2d) 132.

Furthermore, it is well settled that errors which do not appear to have affected the result will not be allowed to overturn an election, and every reasonable presumption will be indulged to sustain it. *Laney v. Baskin,* 201 S. C. 246, 22 S. E. (2d) 722, and the numerous cases therein cited.

At most, there were only thirty-one contested votes, and if all of these were given to the petitioner, it would not affect the result of the election.

A careful consideration of the record convinces this court that the action of the Oconee County democratic executive committee and of the state democratic executive committee should be affirmed. It is therefore the judgment of the court that the writ of *certiorari* heretofore issued be, and it is hereby quashed, and the judgment of the state democratic executive committee affirmed.

BAKER, C. J., and STUKES, TAYLOR and OXNER, JJ., concur.