THIS OPINION HAS NO PRECEDENTIAL 
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT 
 AS PROVIDED BY RULE 239(d)(2), SCACR. 
The Supreme Court of South 
 Carolina
 
 
 
 
 Robert A. Mitchell, 
 Petitioner, 
 
 
 

v.
 
 
 
 
 State Democratic Party Executive 
 Committee, Respondent.
 
 
 

ON WRIT OF CERTIORARI

Appeal From State Executive 
 Committee
 of the South Carolina Democratic 
 Party

Memorandum Opinion No. 
 2004-MO-048
 Submitted August 18, 2004 - 
 Filed August 25, 2004

REVERSED

 
 
 
 
 Nancy Bloodgood, of Young, 
 Clement, Rivers, LLP, of Charleston, for Petitioner.
 Mark W. Hardee, of Columbia, 
 for Respondent.
 David Jennings and James 
 A. Brourton, IV, of Rosen, Rosen & Hagood, LLC, of Charleston, for 
 Interested Party (Karen Hollinshead-Brown).
 
 
 

PER CURIAM:  Petitioner seeks 
 a writ of certiorari from the State Democratic Party Executive Committees (State 
 Committee) reversal of the Charleston County Democratic Party Executive Committees 
 (County Committee) decision to hold a new primary election for the Charleston 
 Council District 4 seat (council seat).  We reverse and reinstate the decision 
 of the County Committee.
FACTS 

The Democratic Primary Election was 
 held on June 8, 2004.  Four candidates ran for the council seat: Edith Askins, 
 Henry Darby, Karen Hollinshead-Brown, and petitioner.  
Following a recertified vote, the 
 results of the race were as follows:  Darby, 401 votes; Hollinshead-Brown, 334 
 votes; petitioner, 332 votes; and Askins, 226 votes.  Pursuant to statute, a 
 run off between the two candidates receiving the most votes was required.  S.C. 
 Code Ann. § 17-13-50 (Supp. 2003).  
On 
 Monday, June 14, petitioner filed a protest of the election results with the 
 County Committee based on gross voting irregularities at the Bayside Manor precinct.  
 The County Committee had a meeting previously scheduled for Wednesday, June 
 16.  Accordingly, the County Committee scheduled petitioners protest hearing 
 for the same day.  The other candidates were notified that petitioner filed 
 a protest to the election results and that a meeting on the matter would take 
 place on Wednesday, June 16 at 7:00 p.m.  All of the candidates were present 
 except Darby.  Following the protest hearing, the County Committee voted unanimously 
 to hold a new election for the council seat.  
On 
 Friday, June 18, Darby filed a Notice of Appeal with the State Committee arguing 
 that the County Committees decision to hold a new election should be reversed.  
 By a 23-1 vote, the decision of the County Committee was reversed because the 
 hearing was held in violation of S.C. Code Ann. § 7-17-530 (Supp. 2003).
ISSUE 

Did the State Committee 
 err in reversing the decision of the County Committee to hold a new election?
ANALYSIS 

It 
 is well established that an issue must be raised to and ruled upon by the lower 
 tribunal in order for that issue to be preserved for appellate review.  Tupper 
 v. Dorchester County, 326 S.C. 318, 487 S.E.2d 187 (1997).
It is uncontested that Darby received 
 notice that a protest to the election results was filed as well as notice of 
 the time and place the County Committee would convene a hearing on the matter.  
 Darby had ample opportunity to attend the protest hearing to raise any challenges 
 or objections to the proceeding.  See Jenkins v. McCarey, 222 
 S.C. 426, 73 S.E.2d 446 (1952) (candidate entered special appearance before 
 county election committee to challenge jurisdiction of the committee for lack 
 of notice).  By electing not to attend the protest hearing, Darby waived his 
 right to challenge the proceeding on appeal.  Accordingly, Darbys appeal was 
 not properly before the State Committee and should have been dismissed.
Moreover, the State Committee erred 
 in finding that the decision to hold a new election was void as a result of 
 the protest hearing being held a day prior to the time prescribed by Section 
 7-17-530.
In George v. Mun. Election Commn 
 of City of Charleston, 335 S.C. 182, 516 S.E.2d 206 (1999), this Court found 
 that the statutory provisions regulating the conduct of elections are numerous 
 and detailed and that perfect compliance in every instance is unlikely.  To 
 that end, courts have developed principles to determine whether such provisions 
 are mandatory or directory.  Id.
As a general rule, provisions are 
 mandatory in two instances: when the statute expressly declares that a particular 
 act is essential to the validity of an election, or when enforcement is sought 
 before an election in a direct proceeding.  Id.  However, after an election 
 in which no fraud is alleged or proven, when the Court seeks to uphold the 
 result in order to avoid disenfranchising those who voted, such provisions 
 are merely directory even though the Legislature used seemingly mandatory terms 
 such as shall or must in establishing the provisions.  Id. (emphasis 
 added).
There was substantial evidence presented 
 to the County Committee that gross voting irregularities took place at the Bayside 
 Manor precinct.  Affirming the State Committees decision would, in effect, 
 disenfranchise those voters in the Bayside Manor precinct from voting for their 
 District Four representative.  This Court finds the rationale in George 
 persuasive and finds that Section 7-17-530 is merely directory.  Accordingly, 
 we reverse the State Committees decision and reinstate the County Committees 
 decision to hold a new council seat election.
REVERSED

 
 
 
 s/Jean H. Toal                                    
   C.J.
 s/James E. Moore                             
       J.
 s/E. C. Burnett, III                                
       J.
 s/Costa M. Pleicones                        
       J.
 WALLER, J., not participating