6946

### LeHARDY, THESMAR & CO. v. DIBBLE.

RESIDENCE.—There was not a total failure of evidence in this case to support the finding of the Circuit Judge that defendant was a resident of Richland county.

Before PRINCE, J., Richland, July, 1907.    Affirmed.

Motion in case of LeHardy, Thesmar & Co. against L. V. Dibble.    From order refusing motion, defendant appeals.

*Messrs. Lyles & McMahan,* for appellant, cite: *Residence means "domicile," which depends on intention as well as location:* Code of Proc., sec. 141; 47 S. C., 98; 24 Ency., 696-699; 10 Ency., 9; 6 L. R. A., 717; 1 Speer Eq., 13; Code 1902, 2489; 5 Stat., 108; 22 Ency. P. & P., 779. *Domicile is not changed without intention to do so:* 14 Cyc., 838, 841; 10 Ency., 17, 18; 1 Speer Eq., 15; 14 Cyc., 851, 856, 857, 859, 861.

*Messrs. Barron, Moore & Barron,* contra, cite: *Question of residence is one of law and fact:* 37 S. C., 86.    *Section 146, Code of Proc., does not require such action to be brought in the county of one's domicile only:* 37 S. C., 85; 26 S. W., 1113; 27 Tex., 281; 18 Tex., 434.

July 8, 1908.   The opinion of the Court was delivered by

Mr. Justice Gary.   The following statement is set out in the record:

"This is an action, begun March 14, 1907, by cotton buyers in Savannah, for alleged damages on cotton bought from defendant, on guaranteed weights and grades, by which plaintiffs shipped to Bremen and sold there, the sworn graders of the Bremen Cotton Exchange having, after arrival of the cotton in Bremen, made reports of deficiencies, which plaintiffs were forced to make good in money.   The complaint alleges that defendant is a resident of the City of Columbia, county and State above named."

The defendant's attorneys made a motion for an order transferring the case to the County of Orangeburg, on the ground that the defendant is not a resident of Richland county, but is a resident of the County of Orangeburg, and that the Court for Richland county had no jurisdiction.

The defendant made an affidavit in support of the motion, and counter affidavits were offered in behalf of the plaintiffs.

After the reading of the affidavits, his Honor, the Circuit Judge, examined the defendant, L. V. Dibble, in open Court, as to his residence, and, after some argument by counsel, reserved his decision.

After hearing the motion by his Honor, the defendant made a third affidavit, which his attorneys presented to his Honor and served upon plaintiffs' attorneys.

The Circuit Judge refused the motion, on the ground that the defendant was a resident of the City of Columbia, County of Richland, at the time the action was commenced.

The defendant appealed from said order, and the sole question is, whether there was a total failure of evidence to sustain the finding of fact as to the residence of the defendant.

The plaintiffs relied upon the following circumstances to show that the defendant resided in Richland county:

(1) That the defendant kept a horse in the City of Columbia, for personal use, for a year or more.

(2) That the defendant has rented a house in Columbia, and has lived in it, with his wife and children, for several months.

(3) That the defendant had every appearance of residing in Columbia for more than twelve months before the action was commenced.

(4) That the defendant made a contract with the telephone company for a residence phone for the period of one year, which was then in existence.

(5) That the plaintiffs' attorneys had in their possession a magistrate's summons and complaint in the case of *L. V. Dibble* v. *A. C. L. R. R. Co.,* which action was commenced in the County of Richland, although said railroad company could be sued, and was amenable to process, in Orangeburg county as well as Richland county.

(6) That on the 20th of March, 1907, the defendant shipped thirty bales of cotton to a party at Savannah, and on the 21st of March, 1907, he shipped twenty-five bales to the same party.

The record fails to disclose the testimony given by the defendant when examined before the presiding Judge.

Under these circumstances it cannot be said that there was a total failure of testimony.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.