## 7606

### DENNIS v. ATLANTIC COAST LINE R. R.

1. JURISDICTION—CORPORATIONS.—A MAGISTRATE has jurisdiction of an action against a domestic corporation in any county in which it has an agent and transacts its corporate business on a·cause of action for damages to personal property not exceeding $100, and of a foreign corporation in any county in which plaintiff may elect to sue. Method of procuring attendance of witnesses in magistrate court is not a test of jurisdiction.

2. JURISDICTION of the person is waived by appearance and contest on the merits.

Before ALDRICH, J., Berkeley, November term, 1908. Affirmed.

Action by W. M. Dennis against Atlantic Coast Line R. R. Co., in court of magistrate, J. S. Guerry. From circuit order affirming magistrate judgment, defendant appeals.

*Mr. Octavus Cohen* for appellant.

*Mr. E. J. Dennis*, contra.

. . July 6, 1910. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. This action was begun before a magistrate in Berkeley county to recovery of defendant damages for the negligent killing of a cow by an engine of the defendant in Charleston county. Defendant appeared

and contested the case upon its merits and so far as appears raised no question as to the jurisdiction of the magistrate.

On appeal to the Circuit Court exception was taken that the magistrate was without jurisdiction, the cause of action arising in Charleston county and the magistrate of Berkeley county had no power to compel the attendance of witnesses from such county. This contention was overruled by the Circuit Court and the judgment of the magistrate was affirmed, because the railroad line of defendant lies through Berkeley county and defendant maintains an agent and transacts its business in Berkeley county.

Appellant's exception to this judgment is without merit. First, because magistates have jurisdiction of an action for damages for injury to rights pertaining to the person, or to personal or real property, if the damages claimed do not exceed one hundred dollars, sec. 71, sub. 2, Civil Code Procedure, pursuant to art. V, sec. 21, of the Constitution. This necessarily involves suits against corporations.

If a defendant is a domestic corporation the suit may be brought in any county where it maintains an agent and transacts its corporate business: *Tobin* v. *R. R.,* 47 S. C., 387, 25 S. E., 283; *McGrath* v. *Ins. Co.,* 74 S. C., 69, 54 S. E., 218; *Dixon and Danforth* v. *Ins. Co.,* 74 S. C., 460.

Magistrates may have jurisdiction even in a suit against a foreign corporation. *Best* v. *Ry.,* 72 S. C., 479, 52 S. E., 223; and in such cases the plantiff may elect in which county to sue under sec. 146 of the Code of Procedure. The methods proper to secure testimony of witnesses in magistrate's court can not be the test of jurisdiction.

Second. The question of jursdiction relates to the person, which is waived by general appearance and contest on the merits, as in this case. *Jenkins* v. *Atlantic Coast Line R. R. Co.,* 84 S. C., 348.

The judgment of the Circut Court is affirmed.

Mr. Justice Hydrick *did not sit in this case.*