13570

JOSEPH v. SHADID

(167 S. E., 673)

*Messrs. Baker & Baker,* for appellant,

*Messrs. Logan & Grace* and *John I. Cosgrove,* for respondent,

February 2, 1933.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

This case, based upon two promissory notes, was commenced on February 9, 1932, in the Court of Common Pleas for Charleston County, by service of the summons and complaint on the defendant in Timmonsville, Florence County.

The defendant moved before his Honor, Judge Grimball, for an order transferring the case for trial from Charleston County to Florence County, on the ground that the defendant was a resident of Florence County and not of

Charleston County. That motion being refused, the defendant appealed from the order of the Circuit Judge thereon to this Court.

The defendant, in an affidavit submitted by him, swore that he was "not a resident and citizen of Charleston County, but of Florence County, S. C., and has been for more than a year."

· The complaint was verified by the plaintiff in person. To his own knowledge, the plaintiff swore that the defendant was a resident of the City of Charleston, County of Charleston, State of South Carolina.

One of the attorneys for the plaintiff made an affidavit that, "according to his best information and belief," the defendant resides in the City of Charleston at No. 59 Vanderhorst Street; that his name appeared in the directories of the City of Charleston as a resident of that city at the same place for the years 1930, 1931 and 1932. No objection was made at the hearing before the Circuit Judge as to the competency of the affidavit of plaintiff's attorney. If objection had been made, in all probability the Circuit Judge would have ruled the affidavit incompetent, since it was merely "hearsay."

The question as to the place of residence of the defendant was mainly one of fact. When there was evidence to support the finding of the Circuit Judge that the defendant was a resident of the County of Charleston, we cannot disturb that finding. The positive sworn statement of the plaintiff that the defendant was a resident of Charleston County, and the corroborative evidence contained in the affidavit of plaintiff's counsel, was sufficient to support the finding of the Circuit Judge.

The appeal from the refusal to transfer the case cannot, therefore, be sustained.

The note sued on in the first cause of action was set out in the complaint as follows:

"$1,000.00 ............... 1931.

"Oct. 15th after date I promise to pay to the order of Louis Joseph One Thousand Dollars at ........................

"Value received with interest at ..................... % per annum.

"No. .................... Due .................... (S) W. S. Shahid."

The note sued on in the second cause of action was similar in form and tenor to the note sued on in the first cause of action, except as to the date of maturity. That note matured "Nov. 15th after date."

The defendant interposed a demurrer to both causes of action, on the ground that the complaint failed to state a cause of action, in that the notes sued on and set out in the complaint showed on their faces that they were not due, and there was no allegation in the complaint that the first note was given prior to October 15, 1931, or that the second note was given prior to November 15, 1931.

Circuit Judge Grimball by his order overruled the demurrer, and the defendant has appealed therefrom.

There is no allegation whatever in the complaint showing that the first note was executed prior to October 15, 1931, or that the second note was executed prior to November 15, 1931. So far as the complaint shows the first note may have been executed after October 15, 1931, and the second note after November 15, 1931. If the first note was made on or after October 15, 1931, then clearly it was not due until October 15, 1932. If the second note was executed on or after November 15, 1931, then clearly it was not due until November 15, 1932.

While the complaint alleged that due demand had been made on the defendant for the payment of the notes, and payment had been refused, those allegations did not go far enough to show that the notes had matured.

Certainly the plaintiff did not have a cause of action unless the notes had matured, and the complaint failed to state a cause of action when there was no averment as to maturity. We are of the opinion, therefore, that the demurrer should have been sustained. But the plaintiff's action does

not necessarily fall. He should be allowed to amend his complaint by setting forth the necessary allegations to show the maturity of the notes, if they had matured.

The judgment of this Court is:

First. That the order of the Circuit Judge refusing to transfer the case from Charleston County to Florence County be, and the same is hereby, affirmed.

Second. That the order overruling the demurrer be, and the same is hereby, reversed, on the condition, however, that the plaintiff may, within twenty days after the filing of the remittitur in the Court of Common Pleas of Charleston County, if he be·so advised, serve on the defendant, or his counsel of record, an amended complaint, setting up the times of maturity of the notes.

MESSRS. JUSTICES STABLER and BONHAM and MR. ACTING ASSOCIATE JUSTICE C. C. FEATHERSTONE concur.