13994

ST. CLAIR v. ST. CLAIR *ET AL.*

(178 S. E., 493)

*Messrs. Thomas, Lumpkin & Cain,* for appellant,

*Messrs. Wilton H. Earle* and *W. E. Bowen,* for respondent,

February 16, 1935.

The opinion of the Court was delivered by MR. G. DEWEY OXNER, ACTING ASSOCIATE JUSTICE.

This action was commenced on June 17, 1931, for the purpose of enjoining defendants from changing, or attempt-

ing to change, the beneficiary of a certain policy issued by defendant, Mutual Life Insurance Company of New York, on the life of defendant Dan M. St. Clair, in which plaintiff, Belle P. St. Clair, is named as beneficiary. Said policy is in the amount of $5,000.00, and is dated February 9, 1931. Service of the summons and complaint was made upon the defendant St. Clair on June 18, 1931, by delivering to Mrs. A. C. Walker, and leaving with her, copy of the same at his office in the Walker building, Greenville, S. C. After due notice, an order was passed on April 19, 1933, allowing plaintiff to amend her complaint. The notice of the motion to amend was served on defendant St. Clair personally in Winston-Salem, N. C., on February 21, 1933, and the amended complaint, together with order allowing same, was served on said defendant on April 22, 1933, by personal service at Winston-Salem, N. C. Defendant St. Clair defaulted. A return and an answer were duly made by defendant insurance company.

In her amended complaint plaintiff alleges, in substance, that she is a resident of Greenville County, S. C.; that, at the time this action was commenced, the defendant St. Clair was a resident of said county and state; that on May 19, 1931, she instituted an action in the Court of Common Pleas of Greenville County against Dan M. St. Clair, who was her husband, for separation and alimony, in which action he appeared and answered; that on May 29, 1931, an order providing for temporary alimony was passed, which was personally served on said defendant in the city of Greenville on May 29, 1931; that within a few days thereafter defendant St. Clair left the jurisdiction of the Courts of this State, and went to Reno, Nev., for the purpose of attempting to secure a divorce from her. She further alleges the issuance of the insurance policy in question, and that St. Clair had agreed not to change the beneficiary if she would assume the payment of the premiums on said policy, which agreement she has fulfilled by payment of the premiums, and

the policy had been assigned to her. That, notwithstanding said agreement, St. Clair was attempting to change the beneficiary or to make an assignment of said policy.

In its answer, defendant insurance company, after admitting the issuance of the policy, denied that St. Clair, at the time the action was commenced, was a resident of South Carolina, and alleged that its codefendant St. Clair had not been properly served with process, and that no final order could be made concerning said policy, and set up the terms of the policy with reference to change of beneficiary. Defendant further alleged that if a final order was made without due and legal service being first made on St. Clair it would jeopardize its rights, in that it may be held liable hereafter on two claims or demands being made against it under the same policy.

Upon the issues raised, the case was heard by his Honor, Judge Greene, who, after hearing the testimony, issued an order on March 27, 1934, permanently enjoining defendants from changing, or attempting to change, the beneficiary in said policy, and adjudging plaintiff to be the owner and holder of said policy.

Within due time, defendant insurance company appealed, and by its exceptions raise three questions, which are stated by appellant in its brief as follows:

"1. Was Dan M. St. Clair legally served with the original summons and complaint, and was he a resident of the State of South Carolina at the time of the attempted service?

"2. Was the amended summons and complaint legally served on the defendant Dan M. St. Clair and is he bound by the final decree made in this case?

"3. If Dan M. St. Clair was not properly served, then is the defendant The Mutual Life Insurance Company of New York bound by the decree in this case?"

In passing upon these questions, his Honor, Judge Greene, made the following findings:

"I find as a fact that the defendant, St. Clair, at the time of the service of the original summons and complaint upon him, was a resident of the State of South Carolina, and of Greenville County, and had a business office in the City of Greenville, and that the summons and complaint were served at his office by leaving same with an employee of the said St. Clair in said office. I find that said service is a valid one.

"As to the second objection to the jurisdiction, I hold that the Court having obtained jurisdiction in the first instance, that the service of the amended complaint made upon him personally, as shown by the affidavit of service in the record, is proper and valid."

In its brief appellant frankly states that: "If Judge Greene is correct in finding that the defendant, Dan M. St. Clair, was duly served, then this appeal should not be sustained."

If, as found by the Circuit Judge, St. Clair was a resident of South Carolina at the time of the service of the original summons and complaint, it follows that under Section 434, Code 1932, service upon Mrs. Walker, a person of discretion employed at his office and in charge of his office, was valid.

In *Sample v. Bedenbaugh et al.*, 158 S. C., 496, 155 S. E., 828, 829, the Court said: "It has been well settled in this State, as elsewhere, that place of residence is a question of fact and depends upon the intention of the party as evidence by his acts and declarations (*Barfield v. J. L. Coker & Co.*, 73 S. C., 181, 53 S. E., 170; *Laney v. Gregory*, 101 S. C., 144, 86 S. E., 3), and the finding of the Circuit Judge is conclusive thereon unless there is a total failure of testimony to support it (*Barfield v. J. L. Coker & Co., supra; LeHardy, Thesmar & Co. v. Dibble*, 80 S. C., 482, 61 S. E., 950)."

Again, in *Joseph v. Shadid*, 168 S. C., 469, 167 S. E., 673, the Court used the following language: "'The question as to the place of residence of the defendant was mainly one of fact. When there was evidence to support the finding

of the Circuit Judge that the defendant was a resident of the county of Charleston, we cannot disturb that finding."

Was there any evidence to support the finding of the Circuit Judge?

There is testimony tending to show that prior to the latter part of May, 1931, Mr. and Mrs. St. Clair resided in the city of Greenville, where he conducted his business with an office in the Walker building; that some time during the latter part of May, 1931, St. Clair went to Reno, Nev., where he remained several weeks; that he then returned to Greenville, remaining in Greenville several weeks; that during this time there was pending a divorce proceeding in Nevada; that during this return trip to Greenville he stated to plaintiff that he would withdraw his divorce proceedings if she would become reconciled; that when this offer was refused he returned to Reno for the purpose of procuring a divorce; that during June, July, and August, 1931, he continued to conduct his business and maintain his office in the Walker building in the city of Greenville, with Mrs. Walker in charge; that some time later he married Mrs. Walker.

As hereinabove stated, the original summons and complaint were served upon Mrs. Walker at the office of St. Clair on June 18, 1931. From the foregoing, we cannot say that the finding of the Circuit Judge that at this time St. Clair was a resident of South Carolina is without evidence to support it. It is urged by appellant that when the service was made St. Clair had gone to Reno for the purpose of securing a divorce. This fact would not be conclusive that he had abandoned his residence in South Carolina. It is only evidentiary along with the other facts and circumstances.

Having reached the conclusion that the service of the original summons and complaint was valid, it is clear that the Court had jurisdiction of all subsequent proceedings. Code 1932, § 441.

It becomes unnecessary to pass upon the third question.

Judgment affirmed.

MESSRS. JUSTICES STABLER, CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE A. L. GASTON concur.