14955

WILLIS v. INDUSTRIAL LIFE & HEALTH INS. CO. OF
ATLANTA, GA.

(6 S. E. (2d), 706)

June, 1938.

*Messrs. McEachin & Townsend,* for appellant, █

*Messrs. Norval N. Newell* and *Marion F. Winter,* for respondent, █

November 1, 1939.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE C. T. GRAYDON.

H. A. Willis, a physician of Berkeley County, sued the defendant, Industrial Life & Health Insurance Company of Atlanta, Georgia, in an action for slander alleged to have been uttered by an agent of the defendant, one C. W. Cox, Jr., at Moncks Corner, Berkeley County, South Carolina.

The defendant appeared specially for the purpose of questioning the jurisdiction of the Court in Berkeley County and made a motion to transfer the cause from that county to the County of Florence on the ground that the defendant does not maintain an agent or transact its business in the County of Berkeley.

The defendant produced numbers of affidavits purporting to show that the agent, Cox, lived with his father in Florence, South Carolina; that he was working out of the Florence district, partly in Berkeley County and partly in Orangeburg County, and while in Berkeley County had a room at the Dixie Hotel in Moncks Corner from which he conducted the business in said county. The affidavits further show that the said agent, Cox, pays poll tax in Florence County, and is unquestionably a citizen of Florence County. There appears another affidavit on the part of one Harley, the district manager of the Florence district of defendant, who on oath states that the defendant corporation is a domesticated corporation and maintains no resident agent, has no office and owns no property in Berkeley County, the business of said county being transacted through the Florence office.

In opposition to these affidavits the plaintiff called O. L. Knight, the proprietor of the Dixie Hotel at Moncks Corner, who testified that the agent, Cox came in generally on Sunday night and checked out some time during the week, usually Friday or Saturday. W. L. Law, the postmaster at Moncks Corner, testified that the agent Cox, had a box at the post office and sent mail from Moncks Corner.

This is not a case falling under Section 426 of the Code permitting a change of the place of the trial by the Court on the grounds therein stated, a matter largely within the discretion of the trial Judge, but it is a case under Section 422 of the Code which requires a trial in the county of the residence of the defendant. In cases of foreign corporations doing business within the State, the

same may be sued in any county in the State where such corporation maintains an agent and transacts its business. *Elms v. Southern Power Co.,* 78 S. C., 323, 58 S. E., 809.

Our sole inquiry, therefore, here is as to whether the defendant maintains an agent and is doing business within the County of Berkeley for this must appear for jurisdiction to be sustained.

Motions of this kind are submitted to the trial Judge for his determination under facts developed by affidavits or other proof and if there are facts to sustain the finding of the trial Judge, the same will not be disturbed by this Court. There were sufficient facts in this case to sustain the findings of the trial Judge and his order is, therefore, affirmed. *McGrath v. Piedmont Mutual Insurance Company,* 74 S. C., 69, 54 S.E., 218.

The judgment of this Court is that the judgment of the lower Court be affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.