15106

CHAPPELL v. FIDELITY & DEPOSIT CO. OF MARYLAND

(9 S. E. (2d), 592)

*Messrs. Sloan & Sloan* and *Harold Major,* for appellant,

*Messrs. Hemphill & Hemphill,* for respondent,

June 18, 1940.

The opinion of the Court was delivered by MR. JUSTICE STUKES.

Plaintiff, a citizen and resident of Chester County, this State, brought this action in the Court of Common Pleas for Chester County for damages to him resulting from the alleged tortious acts of an inspector or law enforcement agent of the motor transport division of the Public Service Commission against the surety upon the official bond of the officer; the bond is in the usual form, conditioned for the faithful discharge by the principal of the duties of his office; the sole defendant is a foreign corporation (of another state) engaged in the bonding business in this State, including Chester County, and service of the summons was made upon its agent in the City of Chester, of which later there is no question as to the propriety. The alleged tortious acts of defendant's principal were committed in Greenwood County in the alleged course of the discharge of his official duties and when the plaintiff was temporarily in that county; such principal, and enforcement officer, as aforesaid, of the State Public Service Commission, is a resident of Anderson County.

The defendant made a special appearance and objected to the jurisdiction of the Court upon the ground that the latter does not have jurisdiction of the entire case, having no

jurisdiction of the cause of action or the subject of the action, that the cause of action did not arise in Chester County and no part of the subject thereof is therein situate; that the subject of the action is a controversy with respect to the performance of duty by a public officer, arising in Greenwood County, the Courts of which have exclusive jurisdiction of such matters and of said officer and, on that account, of the defendant, his surety, a foreign corporation; and finally that defendant is a foreign corporation and its principal is a resident of Anderson County, the Courts of which have jurisdiction of him.

In support of its position defendant relied upon the complaint, an affidavit of the officer, its principal, and a copy of·the bond. The affidavit was to the effect that deponent is an officer and inspector as alleged in the complaint, "that the subject of the alleged cause of action therein and all of the facts and circumstances incident thereto arose in Greenwood County," and that the deponent was then and is now a resident of Anderson County. As above indicated, the form of the bond set forth is of the usual official bond conditioned that the principal shall well and truly perform the duties of his office, and is the joint and several obligation of the parties.

The presiding Circuit Judge overruled defendant's objections to the jurisdiction of the Court of Common Pleas for Chester County, reciting that said Court is one of original and general jurisdiction in all civil cases and pointing out that no question was made as to the service of the summons and complaint upon defendant and that his decision was simply upon the jurisdiction of the Court and no question of venue was before him.

From such order defendant prosecutes this appeal upon several exceptions upon which it bases the following quoted questions for decision by this Court:

"I. Did the Court of Common Pleas for Chester County have jurisdiction in the action against the surety as the sole defendant when it did not have jurisdiction of the en-

tire case because the cause of action arose in and the subject of the action was situated in Greenwood County?

"II. Did the Court of Common Pleas for Chester County have jurisdiction in the action against the surety as the sole defendant when it did not have jurisdiction of the entire case because its principal resided in Anderson County?

"III. Are these questions jurisdictional or do they relate to the venue or the place of the trial of the action?"

These questions really make but one, to wit, has the Court of Common Pleas for Chester County jurisdiction of this action? It is within narrow compass.

As far back as almost a century ago (1842), it was ■■ held in this State that the official bond of an officer may be sued for injury and damage resulting from official default in the performance of duties, and that without any special Act of the Legislature so authorizing. *Treasurer v. DeSaussure*, 2 Speers, 186. And this old case, then properly an action of debt, was brought against the administrator of one of the sureties, the official or his representative not having been included as a defendant. Now, Section 3054 of the 1932 Code provides in part as follows: "The bond of any public officer in this State may at all times be sued on by the public, any corporation, or private person, aggrieved by any misconduct of any such public officer * * *." The bond is in effect a contract. 22 R. C. L., 496. It follows that an action upon it alone, as here, is an action upon contract. 1 C. J. S., Actions, § 49, p. 1107. Thus that contract, executed and to be performed within this State, is the *subject* of this action. *Ophuls & Hill v. Carolina Ice & Fuel Co.*, 160 S. C., 441, 158 S. E., 824, and authorities therein cited by the author of the opinion, the present Chief Justice.

The applicable statute provides that suit may be brought in the Courts of this State by a resident against a foreign corporation doing business in this State upon any cause of action. Section 826, 1932 Code. *Lipe v. Carolina, C. & O.*

*Railway Co.,* 123 S. C., 515; 116 S. E., 101; 30 A. L. R., 248.

The cause of action alleged in the complaint here is of the nature designated as transitory in the *Lipe case, supra,* where plaintiff was injured in North Carolina by a Virginia Corporation. The term is used in contradistinction to "local action," and is a personal action, the cause of which might have arisen in one place or county as well as in another; one that may be brought in any county; an action which seeks nothing more than the recovery of money or personalty, whether it sounds in contract or in tort, and which is generally founded on the violation of rights which, in contemplation of law, have no locality. 1 C. J. S., Actions, § 1, p. 949. There is nothing "local" in the nature of the wrongs here alleged and therefore nothing thereabout to vest exclusive jurisdiction in the Courts of Greenwood County, the locus of the alleged commission of the tortious acts. Code, §§ 420 and 421.

Likewise the alleged residence in Anderson County of the principal in defendant's bond is of no importance for he is not a defendant, and appellant, because it is doing business in the State, is generally subject to the jurisdiction of the Courts of Common Pleas in all of the counties, *but it should be borne in mind in this connection that it appears in the record here that the defendant conducts its corporate business in Chester County where it maintains an agent upon whom process was served in this action.* These emphasized facts make the defendant a "resident" of Chester County insofar as we are now concerned. *Warren v. Smith,* 190 S. C., 8, 1 S. E. (2d), 900, and earlier cases there cited. See also *Elms v. Southern Power Co.,* 78 S. C., 323, 58 S. E., 809, where it was expressly held that a plaintiff may select the county in which he shall sue a foreign corporation and a domestic or a "domesticated" corporation may be sued in any county where it maintains an agent and conducts business. In that case jurisdiction was sustained in Lancaster County, where

the defendant foreign corporation had no agent, of an action for personal injuries received in Chester County where it conducted its business and where service of process was made. To the same general effect are the decisions of this Court in *Berry v. Insurance Co.*, 83 S. C., 13, 64 S. E., 859, and *McIntyre v. United Stores*, 171 S. C., 273, 172 S. E., 220.

Certain recent decisions of this Court relied upon by appellant will be considered to show their inapplicability to the question involved in this appeal.

*Hodges v. Lake Summit Co.*, 155 S. C., 436, 152 S. E., 658, turned upon the point that the real parties in interest, both plaintiff and defendant, were foreign corporations and a North Carolina contract and obligation were involved, so that the South Carolina Court was without jurisdiction under the terms of Code, § 826; and furthermore the pretended assignment of the contract to the resident nominal plaintiff was in an effort to avoid the North Carolina Statute of Limitations under which action upon the contract was barred.

*Thompson v. Queen City Coach Co.*, 169 S. C., 231, 168 S. E., 693, was a case in which the cause of action arose outside of this State and there was no showing that the defendant bus companies were doing business in this State whereas in the case at bar the cause of action arose within the State where the defendant is doing business and in Chester County, so that the facts of the cases are very different. Furthermore, one of the reasons given for the decision in the *Thompson case* that the Court did not have jurisdiction of the action against the surety companies was that it might develop during trial that the latter would be entitled to have their principals joined as defendants, which could not be done in that case, but such reason does not exist here.

*Knight v. Fidelity & Casualty Co. of N. Y.*, 184 S. C., 362, 192 S. E., 558, was a case in which the alleged cause of action was on the bond of an administrator in North

Carolina, admittedly arose in the latter state where the bond was made, filed and to be performed and the North Carolina statutes provided that all actions upon such bond must be instituted in the county where given if the principal or surety be there. The statement of these circumstances sufficiently distinguishes the case from that at bar.

In none of these cases was there a cause of action of origin in this State as is here presented, hence for that alone they are not apposite; and there are other reasons of differentiation, some of which are pointed out above.

Thus we answer the question at issue as did the Court below, appellant's exceptions are overruled and the order appealed from is affirmed and the case remanded. As pointed out in such order it does not touch the question of the power of the Circuit Court to change the place of trial, as to which we, of course, express no opinion.

MR. CHIEF JUSTICE BONHAM and MESSRS. JUSTICES CARTER, BAKER and FISHBURNE concur.