15825

FURMAN v. NELSON

(37 S. E. (2d), 741)

250

*Mr. T. Brooks Alford,* of Charleston, Counsel for Appellant,

*Mr. J. Heyward Furman, Jr.,* of Charleston, Counsel for Respondent.

April 8, 1946.

MR. ASSOCIATE JUSTICE OXNER delivered the unanimous Opinion of the Court.

This proceeding was brought in the Civil and Criminal Court of Charleston by respondent, as landlord, to eject appellant, a tenant, for the non-payment of rent. The case was tried in September, 1945. At the close of the testimony, both appellant and respondent moved for a directed verdict. Respondent's motion was granted "on the ground that it was admitted that the rent had not been paid", and a writ of ejectment was issued. On appeal to the Circuit Court, in an order filed on October 25, 1945, the judgment of the Civil and Criminal Court was affirmed. Appellant has appealed to this Court on two exceptions. The questions raised cannot be determined without a consideration of the testimony, none of which is included in the Transcript of Record which the parties agreed upon. Appellant's counsel incorporated in his printed brief the testimony relied upon to sustain these exceptions. The case was placed on the calendar for oral argument on March 12, 1946. On March 8, 1946, appellant's counsel gave respondent's counsel notice that when the case

was called for argument, he would move before this Court for permission to add to the Transcript of Record the testimony printed in his brief. Counsel were permitted to argue this motion along with the argument on the appeal. In oral argument, appellant's counsel frankly conceded, and we think properly so, that if his motion to incorporate this testimony in the record was denied, the dismissal of this appeal would necessarily follow.

Counsel for appellant states that his motion is based on Rule 8, Section 8, of this Court, the pertinent portion of which is as follows: "If counsel desire to add any facts to those stated in the Transcript of Record they must either obtain the written consent of opposing counsel to the insertion of such additional facts, or they must, upon due notice, move this Court before the argument commences, for leave to insert such additional facts. All such additional facts inserted by consent or by the permission of the Court shall be printed."

We do not construe this rule as giving a right as a matter of course to insert additional facts in the record. The motion for permission to do so is addressed to the discretion of the Court. Orderly procedure and the prompt hearing and disposition of cases demand that counsel follow with diligence the rules of this Court governing the preparation of the record for appeal. When through inadvertence some material fact is omitted from the Transcript of Record, counsel should promptly seek permission, if the opposing party refuses to consent, to supply the deficiency.

Notwithstanding the desire of this Court to be liberal in a matter of this kind so as to afford every litigant an opportunity of having his case determined on its merits, we do not think that the circumstances in this case warrant us in granting apellant's motion. Neither in the notice of the motion nor in the accompanying affidavit upon which it is based is any reason assigned why this testimony was not included in the Transcript of Record. Nor is any explanation given for the motion being made at such a late stage in the

appeal. Respondent's brief was prepared on the theory that this testimony was not before the Court and he was entirely correct in this assumption. The testimony which appellant seeks to insert in the record apparently does not include all the testimony in the case. The granting of this motion might necessitate remanding the case for settlement by the trial Judge, as respondent in that event may desire to add other testimony, and would probably also necessitate respondent's counsel rewriting his brief. All of this would probably cause considerable delay in the final disposition of the appeal.

The motion to incorporate the testimony in the record is refused, the appeal dismissed, and the judgment below affirmed.

MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES, and TAYLOR and MR. ACTING ASSOCIATE JUSTICE E. H. HENDERSON concur.