16811

KING v. MOORE *ET AL.*
(79 S. E. (2d) 460)

*Messrs. Norval N. Newell,* of Moncks Corner, and *Willcox, Hardee, Houck & Palmer,* of Florence, *for Appellants; R. M. Moore, Jr.,* and *Joe E. Calcutt,* ▮▮▮▮

*Messrs. Stoney & Crosland,* of Charleston, *for Appellant, Booker T. Snipe,*

*Messrs. Dennis & Dennis,* of Moncks Corner, *James P. Mozingo, III,* of Darlington, and *John Henry Ellen,* of Bishopville, *for Respondent,*

December 28, 1953.

BRAILSFORD, Acting Associate Justice.

This is an action for damages for the alleged wrongful death of respondent's intestate, which occurred in Berkeley County, South Carolina, on April 1st, 1951, as the result

of injuries sustained in a collision involving an automobile operated by the intestate and a truck operated by Booker T. Snipe. Snipe was employed by R. M. Moore, Jr., and Joe Calcutt as a truck driver and was so engaged at the time of the collision. The complaint, in which Snipe, Moore and Calcutt are named as defendants, recognizes Florence County as the residence of Moore and Calcutt, but alleges that Snipe is a resident and citizen of Berkeley County.

The appeals are from an order of the circuit court which refused a motion by Moore and Calcutt to transfer the place of trial from Berkeley County to Florence County and refused a motion by Snipe to set aside the service of the summons and complaint on him.

The motion for transfer of the place of trial was noticed, heard and taken under advisement by Judge Grimball on December 15th, 1951, before service on Snipe was attempted by delivery of copies of the summons and complaint to him at Sparrows Point, Maryland, on December 27th, 1951. His motion to set aside the service on him was heard by Judge Grimball on February 2nd, 1952.

Both motions were refused by formal order dated February 11th, 1952.

Section 10-303, Code of Laws 1952, requires that an action of this nature be tried in a "county in which one or more of the defendants to such action resides at the time of the commencement of the action", subject to the power of the court to change the place of trial in certain cases.

Moore and Calcutt occupy the status of defendants and reside in the county to which removal is sought. Snipe, the only other named defendant, has made a special appearance for the purpose of contesting the court's jurisdiction of him.

In the absence of voluntary submission to the jurisdiction of the Court, one named in the summons and complaint as a defendant becomes a party only after lawful service of the summons on him. *Camp v. Petroleum*

*Carrier Corporation,* 204 S. C. 133, 139, 28 S. E. (2d) 683, 686.

It follows that under Section 10-303, *supra,* Moore and Calcutt are entitled to the relief sought by them unless delivery of a copy of the summons to Snipe in the State of Maryland constituted lawful service of process.

Snipe is a native of Berkeley County, South Carolina, and resided there at the time the cause of action arose. He was employed by his co-appellants. at a weekly wage of $30.00 and remained in their employment for six or seven weeks after the collision. On or about May 22nd, 1951, he quit this job and went to Sparrows Point, Maryland, where he obtained employment at an average weekly wage of $55.00. He was, quoting from the statement of the case, "continuously thereafter in the State of Maryland, where he was working for Bethlehem Steel Company, except for one or more trips to Berkeley County, South Carolina."

Appellants contend that Snipe had abandoned his original domicile and acquired a new domicile in Maryland prior to the attempted service on him. This view is strongly supported by affidavits in the record. On the other hand, there are affidavits, relied on by respondent, which tend to show an intention on Snipe's part to retain his South Carolina domicile.

It must be and is conceded that personal service in Maryland on a resident of that State would be invalid, regardless of South Carolina law. 21 C. J. S., Courts, § 83. It will, therefore, be presumed that the factual issue of domicile or legal residence was resolved against appellants in the lower court. The determination of this issue by the circuit court is conclusive except where there is a failure of evidence to support it. *Sample v. Bedenbaugh,* 158 S. C. 496, 155 S. E. 828; *St. Clair v. St. Clair,* 175 S. C. 83, 178 S. E. 493.

We shall, therefore, assume that Snipe retained his South Carolina domicile and, in that light, consider whether the

attempted service on him in the State of Maryland was valid.

The basic question is whether the circuit court acquired jurisdiction to render a personal judgment against Snipe by such service.

"The defendant is subjected to the jurisdiction of the courts by some form of service of process. At common law the form of service of process necessary to give the court jurisdiction over an individual defendant is personal service upon him within the State. * * * In the absence of a statute, service other than personal service within the State is insufficient to give the court jurisdiction over the defendant, even though he is domiciled in the State or otherwise subject to the jurisdiction of the State." Am. Law Institute, Restatement, Judgments, § 14(b).

Respondent, recognizing these legal principles, relies upon Sections 10-451(2) and 10-455, Code of 1952, as authorizing the service on Snipe beyond the boundaries of the State.

Section 10-451(2) authorizes service by publication "When the defendant; being a resident of this State, has departed therefrom, with intent to defraud his creditors or to avoid the service of a summons or keeps himself concealed therein with like intent".

Section 10-455 authorizes personal service outside of the State only as the "equivalent" of publication and mailing. The applicability of this section is limited to those cases in which service by publication is elsewhere authorized by law.

Having invoked Section 10-451(2) as authority for serving Snipe in the State of Maryland, the burden was on respondent to establish that he had departed from South Carolina for the purpose of avoiding the service of a summons in this action.

We find no evidence in the record, either direct or circumstantial, to support such a finding.

The collision occurred on April 1st, 1951. Snipe re-

mained in South Carolina where he was at all times subject to service of process, until the following May 22nd. He was ready and willing to attend an inquest on the date originally set for holding it. When this was postponed, he advised the interested officers that he would "be there when you say." The record indicates that no inquest was ever held.

After having obtained employment in Maryland, Snipe made "one or more trips to Berkeley County", during which he attended church services several times and openly displayed himself in the town of St. Stephens, where he formerly resided. As late as September 1st, 1951, he personally paid taxes due by him for 1950 to a police officer of St. Stephens.

As we view the record, this man's conduct both before and after his original departure from the State on May 22nd, 1951, is inconsistent with the conclusion that his purpose in going to Maryland was to escape the jurisdiction of the South Carolina court.

Contrary inference is sought to be drawn on the following line of reasoning, paraphrased from respondent's brief: That Snipe is a laboring man who owns no property of value in South Carolina; a judgment against him in this State would be of no consequence to him, yet someone is paying prominent attorneys to represent him in this action. "It would therefore seem that the person or persons who are paying Snipe's lawyers * * * told Snipe to go north for the purpose of avoiding the service of the summons in this case."

Assuming that Snipe's legal expenses are being paid by his co-appellants, the conclusion drawn therefrom is an obvious non sequitur. As residents of Florence County, Moore and Calcutt are clearly entitled to a change of venue if Snipe has not been made a party defendant by lawful service of the summons on him. Their natural interest in the assertion of

his rights in this litigation raises no inference that they instigated his departure from the State.

We conclude that the service of the summons and complaint on Snipe in the State of Maryland was not authorized by the statute law of South Carolina and was invalid. His motion to set aside such service should have been granted. It necessarily follows that the motion of Moore and Calcutt to change the venue to Florence County should have been granted.

The judgment of the circuit court is reversed, and the case remanded for entry of an order setting aside the service as to the appellant Snipe and changing the venue in conformity with this opinion.

BAKER, C. J., and STUKES, TAYLOR and OXNER, JJ., concur.