## 17416

Bunnie ERNANDEZ, as Administrator of the Estate of David Harold Ernandez, Deceased, Respondent, v. Gary T. MILLER, Appellant

(103 S. E. (2d) 263)

*Charles W. McTeer,* Esq., of Chester, *for Appellant,*

*Messrs. Hemphill & Hemphill,* of Chester, *for Respondent,* cite:

April 17, 1958.

LEGGE, Justice.

Plaintiff's intestate, allegedly a guest-passenger in defendant's automobile, was killed on November 18, 1956, when the car overturned and was wrecked near Lando, in Chester County. This action, for his wrongful death, was commenced on September 1, 1957, in the Court of Common Pleas for Chester County. Defendant moved for change of venue to Sumter County, upon the ground that at the time of the commencement of the action he was a resident of that county. Appeal is from the order of the Honorable Thomas W. Whiteside, Special Judge, denying that motion.

In support of his motion, appellant offered:

1. His own affidavit, dated September 24, 1957, in which, admitting that he formerly resided in Chester County, where his mother lives, he states: that he is, and has been for the past five years, in the United States Air Force; that he is presently stationed at Shaw Field in Sumter County, and resides in Dalzell in that county, where he has resided for some months and was residing at the commencement of the action; that prior to obtaining an apartment in Sumter County he spent practically all of his off-duty hours at his sister's home in the town of Cayce in Lexington County; and that, while he visits his mother occasionally, he has not been a resident of Chester County for some time and was not a resident of that county on September 1, 1957.

2. Affidavit of appellant's wife, Mary Ellen Miller: that she and appellant were married about June 1, 1957, and thereupon went to Dalzell, where they lived in the W. W. Brabham Apartments until October 1, 1957, when her health required her to return to the home of her parents in Chester County; that she expects to return to Sumter County to live with appellant when her health has improved; and that she knows that prior to their marriage appellant spent practically all of his off hours with his sister in Cayce.

3. Affidavit of appellant's sister, Mrs. Patsy Ruth Dawkins: that when her husband, who is now stationed at Shaw

Field, returned from overseas duty in 1955, and established their home in Cayce, appellant made his home and place of residence with her there, and continued to reside with her until June 1, 1957, when he married and moved to Dalzell.

4. Affidavit of W. W. Brabham: that he owns the W. W. Brabham Apartments in Dalzell, and that on or about June 1, 1957, appellant rented from him an apartment, in which appellant and his wife lived until October 1, 1957.

*Contra,* respondent offered the following:

1. Affidavit of the Judge of Probate for Chester County, to which were attached certified copies of the marriage license issued to appellant and his wife-to-be, dated May 11, 1957, and of the application and affidavits incident to its issuance. In the application, dated May 8, 1957, appellant gave his address as Lando, South Carolina; and in his affidavit, dated May 11, 1957, he stated under oath that his place of residence was Lando, South Carolina.

2. Affidavit of the County Treasurer of Chester County, showing that appellant was charged with tax on his automobile and with poll tax for 1956 in the tax book for School District No. 31 of Chester County, in which district Lando is located; and that on July 29, 1957, the 1956 tax on his automobile, then delinquent, was paid, and the poll tax was abated because the taxpayer was in the service of his country.

3. Affidavit of the deputy clerk in the office of the County Auditor for Chester County, verifying from the records of that office that for the year 1956 appellant's automobile was registered in the name of "Gary T. Miller, of Lando, S. C.", and that the taxes on it for the year 1957 were marked *"nulla bona"* on October 8, 1957, because the car had been wrecked in November, 1956.

4. Affidavit of the Deputy Sheriff of Chester County: that on October 3, 1957, he served process upon appellant in another civil action, finding him at Lando, S. C.; that appellant at that time made no claim that his residence was else-

where than at Lando, where his mother lives and where he comes each week-end; and that to the best of deponent's knowledge appellant has been a resident of Lando all of his life, although he has been stationed at different posts during his military service.

5. Affidavit of the Magistrate for Lewisville Township, in which Lando is located: that he knows appellant and his family; knows that appellant's home is in Lando; has seen appellant in Lando almost every week-end; and has never heard of his claiming residence elsewhere.

6. Affidavits of a local merchant and of two other residents of the community of Lando, to the effect that they know appellant; that although he has been on duty at various stations during his military service Lando has always been his home; that he is frequently there; and that he has never claimed residence elsewhere.

In reply, appellant offered a motor vehicle registration card, issued to him by the State Highway Department under date January 1, 1957, on which his address was shown as Cayce, S. C.; and also his affidavit denying the averments contained in the affidavits on the part of respondent.

The issue of residence under the venue statute, Code 1952, Section 10-303 ("residence" here meaning domicile, as distinguished from temporary dwelling place), is a factual one, and its determination by the trial court is conclusive unless without evidentiary support. *Barfield v. J. L. Coker & Co.,* 73 S. C. 181, 53 S. E. 170; *LeHardy, Thesmar & Co. v. Dibble,* 80 S. C. 482, 61 S. E. 950; *Sample v. Bedenbaugh,* 158 S. C. 496, 155 S. E. 828; *Joseph v. Shahid,* 168 S. C. 469, 167 S. E. 673; *St. Clair v. St. Clair,* 175 S. C. 83, 178 S. E. 493; *King v. Moore,* 224 S. C. 400, 79 S. E. (2d) 460. In the case at bar the evidence, hereinbefore reviewed, amply supported the judgment of the trial court.

Affirmed.

STUKES, C. J., and TAYLOR, OXNER and MOSS, JJ., concur.