17438

Betty S. WHITLEY, as g.a.l. for Thomas P. Whitley, Jr., Respondent, v. LINEBERGER BROTHERS, Appellant

(104 S. E. (2d) 70)

*Messrs. Weinberg & Weinberg,* of Sumter, and *Bruce W. White,* of Union, *for Appellant,*

*Messrs. Wesley M. Walker,* of Greenville, *James C. Hill,* of Atlanta, Georgia, and *Mike S. Jolly, Long & Long,* and *David N. Wilburn, Jr.,* of Union, *for Respondent,*

June 9, 1958.

OXNER, Justice.

This action was brought in Union County by a minor to recover damages for personal injuries sustained as a result of a collision between an automobile in which he was riding and a tractor-trailer owned by defendant. The collision occurred on a highway in Pickens County. Defendant moved to change the venue "from Union County to Pickens County, and failing in that, to change the venue to Greenville County", upon the ground that the convenience of witnesses and the ends of justice would be promoted by the change. Section 10-310(3) of the 1952 Code. The Court below refused the motion and this appeal followed.

Plaintiff is a resident of Georgia and at the time of the accident was riding in an automobile with his parents who were returning to their home in Atlanta. Defendant is a foreign corporation with its principal place of business at Lincolnton, North Carolina. Under these circumstances, plaintiff had a right to elect the county in which he would bring his action. Section 10-303 of the 1952 Code; *Dennis v. Atlantic C. L. Railroad Company,* 86 S. C. 258, 68 S. E. 465. Of course, this privilege is subject to the right of the Court to change the place of trial for the reasons set forth in Section 10-310(2) and (3).

It is needless to cite authority for the well-settled rule that a motion for change of venue upon the ground that the convenience of witnesses and ends of justice would be thereby promoted is addressed to the sound discretion of the judge who hears it, and his ruling thereon will not be disturbed except upon a clear showing of abuse of discretion amounting to manifest error of law. The question

presented, therefore, is whether the refusal of defendant's motion was manifestly erroneous.

It seems to be conceded that the only eye-witnesses were the occupants of the two vehicles, all of whom are non-residents. According to an affidavit by one of his attorneys, the defendant will have as witnesses in addition to the driver of the tractor, four mechanics from Easley and Greenville who after the accident examined both the car and tractor-trailer, a commercial photographer from Greenville who made pictures of the locale and talked to plaintiff's mother after the accident, a highway patrolman from Pickens County who investigated the accident, and several persons from Pickens County who saw the automobile in which plaintiff was being transported to the hospital collide with another vehicle, it being claimed, but denied by plaintiff, that this second collision resulted "in possibly further injuries to the plaintiff." It was also asserted in this affidavit that the physicians who treated plaintiff at the hospital in Greenville are material witnesses but their names were unknown to deponent.

According to the affidavits by plaintiff's counsel, they will have as witnesses in addition to plaintiff's father and mother, a surveyor from Union who after making measurements made a plat of the locale, and two doctors from Union who have examined the medical records of plaintiff and who will also make a physical examination of him prior to the trial. Plaintiff also produced affidavits by four or five of defendant's witnesses to the effect that they were agreeable to attending a trial at Union. It was also shown in the affidavits of plaintiff's counsel that the docket was clear at Union where an early trial could be had, while in both Greenville and Pickens Counties the dockets are congested and no trial could be had for a year or longer in either county.

According to the State Highway Department's map, the distance from Pickens to Union is 78 miles, from Greenville to Union 58 miles, and from Greenville to Pickens 20 miles.

Lincolnton, North Carolina, where defendant's place of business is located, is much closer to Union than to Pickens.

It is of interest, although perhaps irrelevant to the inquiry before us, that shortly after the accident, defendant brought an action in Sumter County against plaintiff's father, who was driving the car in which he was riding, to recover the damage to its truck. Although the distance from Pickens to Sumter is approximately 170 miles, most of the witnesses who defendant now says would be greatly inconvenienced in attending a trial at Union were on hand for the trial at Sumter.

The question presented is a close one. While the circumstances would have fully justified the Court below in granting defendant's motion, we cannot say the failure to do so constitutes a manifest abuse of discretion.

Affirmed.

STUKES, C. J., and TAYLOR, LEGGE and MOSS, JJ., concur.