## 17586

Willis SANDERS, Respondent, v. ALLIS CHALMERS MANUFACTURING COMPANY, Appellant

(111 S. E. (2d) 201)

*Messrs. McKay, McKay, Black & Walker,* and *William W. Doar, Jr.,* of Columbia, and *John B. Baker,* of Milwaukee, Wis., of Counsel, *for Appellant,*

*Messrs. Blatt & Fales,* of Barnwell, *for Respondent,*

November 17, 1959.

Moss, Justice.

Willis Sanders, the respondent herein, instituted this action in Barnwell County, South Carolina, against Allis Chalmers Manufacturing Company, the appellant herein, to recover the purchase price of a combine by reason of the breach of certain warranties allegedly made to the respondent by an agent of the appellant.

The appellant filed an answer, reserving the right to have its motion for a change of venue heard and determined, denying the making of any oral warranties and alleging that the respondent purchased the combine in question from one of its local dealers, and such dealer agreed, in writing, on the nature and extent of the warranty made with respect to the equipment purchased. The appellant also alleges that there was no privity of contract between it and the respondent. The answer also asserts as a defense that the appellant has no offices, places of business or resident agents in the County of Barnwell, and that the Court should proceed no further in said County but should order a change of venue to the County of Orangeburg, wherein the appellant has a resident agent, and that said County of Orangeburg is the proper place for the trial of this action.

The motion of the appellant for a change of venue was upon the ground that it is a corporation, created and existing under the laws of the State of Delaware, "but is domesticated in the State of South Carolina, and it has no offices, places of business, or resident agents in the County of Barnwell, and that Orangeburg County, wherein it has a resident agent, is the proper place of trial." In support of said motion is an affidavit of John L. Mendler, branch manager of the appellant, which avers that the appellant has no offices, places of business or resident agents in the County of Barnwell, but that it does have a dealer in said County, one Herbert Black, Jr., who is not an agent of the appellant and has no authority to bind such in any manner whatsoever, but who purchases from the appellant for resale equipment and parts manufactured by it. This affidavit further asserts that the appellant has an agent, Frank E. Lee, who resides in the County of Orangeburg, and conducts certain business on behalf of the appellant from said County. Frank E. Lee, the agent of appellant, makes an affidavit wherein he says that he resides in the County of Orangeburg and that his territory embraces fifteen counties of the State of South Carolina, including the County of Barnwell. He also says that the appellant has no agents or places of business in said Barnwell County, but that the appellant does have a dealer in the County of Barnwell, such being Herbert Black, Jr., and the said dealer purchases equipment and parts from the appellant and sells them for his own account. The affidavit of Herbert Black, Jr., says that he is a dealer for the appellant in the County of Barnwell, under a written agreement with Allis Chalmers Manufacturing Company, and that his sole relationship with the appellant is to buy farm equipment and to pay for same in accordance with such agreement.

The respondent filed the affidavit of one Edward Mirmow, Jr., in opposition to the motion for a change of venue made by the appellant. The affiant says that he has examined the records in the office of the Orangeburg County Auditor and Treasurer and the Treasurer of the City of Orangeburg and

says that the appellant pays no taxes on any kind of an office in said Orangeburg County; that the records for Orangeburg County, in the offices above named, do not show any office maintained by the appellant, or that any business license has been issued to the appellant. He further says in this affidavit that in addition to checking the records in the offices above named, that he discussed this matter with the auditor and treasurer of Orangeburg County and the treasurer of the City of Orangeburg, and that they know of no office maintained in said Orangeburg County by the appellant.

The motion for a change of venue was heard before Honorable Julius B. Ness, the presiding Judge, at Barnwell, South Carolina, who, after hearing counsel and considering the affidavits filed in support of and in opposition to the motion, denied the same, and held that the action was properly brought in Barnwell County. It should be stated that the appellant contended in oral argument before the lower Court that the residence of its agent in Orangeburg County is the office of the appellant for the reason that the agent conducts certain business at his residence for and on its behalf. There was no proper showing by affidavit, or otherwise, at the time of the hearing, that the appellant maintained an office for the transaction of its customary corporate business within Orangeburg County.

The sole question for determination by this Court is whether the trial Judge was in error in holding that the appellant did not have an office in Orangeburg County so as to establish residence there for venue purposes.

The motion made by appellant for a change of venue from Barnwell to Orangeburg County is predicated upon that portion of Section 10-303 of the 1952 Code of Laws of South Carolina, which provides as follows:

"In all other cases the action shall be tried in the county in which the defendant resides at the time of the commencement of the action. * * *"

This Court has held in numerous cases that the right of a defendant in a civil action to trial in the county of his residence, assured under Section 10-303, 1952 Code of Laws of South Carolina, is a substantial one. *Thomas & Howard Co., of Conway v. Marion Lumber Co.*, 232 S. C. 304, 101 S. E. (2d) 848. This Court has also held that where a motion is made for a change of venue on the ground that a named county is the residence of the defendant and the fact of the defendant's residence in that county is not disputed, then a question of law is presented and the decision in the matter is not addressed to the discretion of the Trial Judge. *Shelton v. Southern Kraft Corp.*, 195 S. C. 81, 10 S. E. (2d) 341, 129 A. L. R. 1280.

In the case of *Ernandez v. Miller*, 232 S. C. 634, 103 S. E. (2d) 263, 264, we said:

"The issue of residence under the venue statute, Code 1952, Section 10-303 ('residence' here meaning domicile, as distinguished from temporary dwelling-place), is a factual one, and its determinaton by the trial court is conclusive unless without evidentiary support. *Barfield v. J. L. Coker & Co.*, 73 S. C. 181, 53 S. E. 170; *LeHardy, Thesmar & Co. v. Dibble*, 80 S. C. 482, 61 S. E. 950; *Sample v. Bedenbaugh*, 158 S. C. 496, 155 S. E. 828; *Joseph v. Shahid*, 168 S. C. 469, 167 S. E. 673; *St. Clair v. St. Clair*, 175 S. C. 83, 178 S. E. 493; *King v. Moore*, 224 S. C. 400, 79 S. E. (2d) 460. * * *"

Where the defendant is a foreign corporation, the plaintiff has a right to elect the county in which he brings his action against such foreign corporation. Section 10-303 of the 1952 Code of Laws of South Carolina. *Dennis v. Atlantic Coast Line Railroad Co.*, 86 S. C. 258, 68 S. E. 465. *Whitley v. Lineberger Bros.*, 233 S. C. 182, 104 S. E. (2d) 70. This privilege, afforded to the plaintiff, is subject to the right of the Court to change the place of trial for the reason set forth in Section 10-310(1).

In the case of *Hancock v. Southern Cotton Oil Company*, 211 S. C. 432, 45 S. E. (2d) 850, 852, there is quoted with approval what was said by this Court in the case of *Shelton v. Southern Kraft Corp., supra,* as follows:

" 'What is necessary to show that a foreign corporation has established a residence for venue purposes in a county other than that in which its legal residence is admitted to be? It cannot be, and is not denied that defendant is a foreign corporation engaged in the manufacture of paper from pine pulp, with its factories, its corporate buildings, offices and business in Georgetown County. To maintain the contention that it has a residence for venue purposes, it must be shown more than that it has an agent in that County; it must have offices for the transaction of its corporate business. The trial Judge recognizes this principle of law. He says in his order of July 31, 1939, which is affirmed by his order of October 10, 1939:

" ' "A foreign corporation whether or not domesticated, may be sued in any County of the State wherein it has an agent and office for the transaction of its business, but if the foreign corporation is sued in a County where it has no agent or place of business then the place of trial should be changed to the County wherein the corporation does have offices and agents. See *Campbell v. Mutual Benefit Health & Accident Association,* 161 S. C. 49, 159 S. E. 490; *Halsey v. Minnesota-South Carolina Land & Timber Co.,* 168 S. C. 18, 166 S. E. 626; *Tucker v. Pure Oil Co. of the Carolinas,* 187 S. C. 525, 198 S. E. 25 * * *." ' "

It is an admitted fact in this case that the appellant has a resident agent in Orangeburg County. In order for the appellant to have the right to change the venue of this case to Orangeburg County, it has the burden of showing not only that it has a resident agent in that County, but it must also have offices for the transaction of its corporate business. Even though the appellant contended before the trial Judge that the residence of its agent in Orangeburg County should be considered as its "office for the transaction

of its business" there was no evidence presented to the trial Judge that this was true as a fact. There was no evidence submitted by the appellant at the hearing which would justify the lower Court in finding that it had an office in Orangeburg County.

The appellant attaches to its brief an appendix, and therein contained is an affidavit of Frank E. Lee, the agent of the appellant who resides in Orangeburg County. He attempts to show by this affidavit that his residence is an office of the appellant. This affidavit was not before the trial Judge and counsel for the appellant, with commendable candor, does not request that this affidavit be embodied as a part of the record, nor to be considered in reaching a decision in this case. We cannot consider this affidavit upon this appeal because such was not before the trial Judge nor is it a part of the record in this case. See also in this connection Rule 8, Section 7 of this Court; and the cases of *Furman v. Nelson,* 208 S. C. 249, 37 S. E. 2d 741; *Becker v. Uhe,* 221 S. C. 334, 70 S. E. 2d 346.

We think that the trial Judge reached the correct conclusion in refusing to grant the motion of the appellant for a change of venue.

Affirmed.

STUKES, C. J., and TAYLOR and LEGGE, JJ., concur.

OXNER, Justice (dissenting).

I construe the majority opinion as holding that a foreign corporation domesticated under the laws of this State may not be sued in a county in which it does not maintain an *office* for the transaction of its corporate business. The Court below so held and concluded that although appellant had an agent in Orangeburg County who was engaged in conducting its corporate business, it was not subject to suit in that county because it did not maintain an office. I disagree. It is my view that the venue may be laid in any county in which such corporation has an agent engaged in conducting and carrying on the business for which it exists.

While there are expressions in some of our cases to the effect that for venue purposes it must be shown that the corporation maintains an *office* for the transaction of business in the county in which venue is laid, all that was meant was that the corporation must have an agent in such county engaged in the transaction of its business. I find no case in this State holding that for venue purposes it is essential that an actual office be maintained. Nor is there any good reason for such a requirement. A corporation may have numerous agents and be extensively engaged in business in a county and yet maintain no office in the literal sense of the word.

In *Tucker v. Ingram,* 187 S. C. 525, 198 S. E. 25, 28, the Court stated that a domestic corporation "is a resident in any County in the State where it maintains an agent and conducts its corporate business and suit may be brought against it in any such County." In *Morris v. Peoples Banking Co.,* 191 S. C. 501, 5 S. E. 2d 286, 287, the Court said that a domestic corporation may be sued "in any county where it has and maintains a place of business, or an agent engaged in conducting and carrying on the business for which it exists." The above statements were quoted with approval in the later case of *Miller v. Boyle Construction Co.,* 198 S. C. 166, 17 S. E. 2d 312, 314. The Court there said the test is "whether the corporation has and maintains a place of business, or an agent engaged in conducting and carrying on the business for which it exists."

The foregoing tests have been uniformly applied to foreign corporations domesticated in this State. In *Willis v. Industrial Life & Health Insurance Co.,* 192 S. C. 304, 6 S. E. 2d 706, 707, the Court said: "In cases of foreign corporations doing business within the State, the same may be sued in any county in the State where such corporation maintains an agent and transacts its business." To the same effect, see *Chappell v. Fidelity & Deposit Co. of Maryland,* 194 S. C. 124, 9 S. E. 2d 592.

It will be noted that nowhere in the foregoing tests is there any suggestion of an additional requirement of the

maintenance of an office. In fact, *Willis v. Industrial Life & Health Insurance Co., supra,* 192 S. C. 304, 6 S. E. 2d 706, strongly indicates that there is no such requirement. In that case suit was brought in Berkeley County against a domesticated foreign corporation. A motion was made by the corporation to change the venue to Florence County where its district office was located, upon the ground that it maintained no agent or office in Berkeley County. It appeared that the defendant had an agent residing in Florence County, who was engaged in writing insurance and collecting premiums for the defendant in an area consisting of a part of Berkeley County and a part of Orangeburg County. Every Sunday afternoon or Monday morning this agent left his home in Florence and went to Moncks Corner, the county seat of Berkeley County, where he stayed in a local hotel until he returned to Florence on Friday afternoon. It was from this hotel room that he worked his territory. On these facts the Court sustained the venue in Berkeley County, although there is nothing in the opinion to show that the defendant maintained an office in that county.

I feel that the majority opinion adds a requirement for venue purposes in suits against corporations which is neither supported by any of our decisions nor by any sound reason. Accordingly, I dissent.