## 19005

Frances G. BROCKMAN, Respondent, v. James Arnold BROCKMAN, Appellant.

(171 S. E. (2d) 862)

*James J. Raman, Esq.,* of Spartanburg, *for Appellant,*

*James M. Arthur, Esq.,* of Union, *for Respondent.*

January 16, 1970.

Moss, Chief Justice.

Frances G. Brockman, the respondent herein, brought this action in Union County to procure an absolute divorce and allied relief from her husband, James Arnold Brockman, the appellant herein, on the ground of physical cruelty. Section 20-101(3) of the Code. The appellant was personally served in Spartanburg County.

It appears from the record that the appellant filed a notice of motion, supported by an affidavit, to change the venue from Union County to Spartanburg County under the provision of Section 20-106(a) of the Code, on the ground that at the time of the commencement of the action and for six years immediately prior thereto he was a resident of said Spartanburg County and not Union County. The motion to change the venue was heard by The Honorable James W. Workman, Judge of the Union County Court, and was refused without assigning any reason therefor. This appeal followed.

The only issue before this court is whether the trial judge committed error in refusing the motion of the appellant for a change of venue from Union County to Spartanburg County.

We have held that where a motion is made for a change of venue on the ground that the named county is the residence of the defendant, and such is not disputed, then a question of law is presented and the decision in the matter is not addressed to the discretion of the trial judge. *Sanders v. Allis Chalmers Mfg. Co.,* 235 S. C. 259, 111 S. E. (2d) 201.

Venue in divorce cases is fixed by Section 20-106 of the Code, as follows:

"Actions for divorce from the bonds of matrimony shall be tried in the county (a) in which the defendant resides at the time of the commencement of the action, (b) in which

the plaintiff resides if the defendant is a nonresident or after due diligence cannot be found or (c) in which the parties last resided together as husband and wife unless the plaintiff is a nonresident in which case it must be brought in the county in which the defendant resides."

It is alleged in the complaint that the appellant lives in Spartanburg, South Carolina, and that the parties to this action lived together as man and wife until about June 25, 1969. The affidavit of the appellant, in support of the motion for a change of venue, avers that he is a resident of the County of Spartanburg and "has so been for at least six years immediately preceding the date of this affidavit." The respondent did not make any showing, by affidavit or otherwise, disputing the contents of the one made by the appellant.

It is conclusive from this record that the appellant was a resident of Spartanburg County at the time of the commencement of this action and had been for a period of at least six years immediately prior thereto. It follows that the appellant was entitled to the trial of this action in Spartanburg County.

The trial judge was in error in his refusal to grant the motion of the appellant.

The judgment of the lower court is reversed and this case remanded thereto so that an order may be made changing the venue from Union County to Spartanburg County.

Reversed and remanded.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.